UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BOLAR, | ) | Case No. ED CV 10-1748 PJW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## I.  INTRODUCTION

Plaintiff appeals the decision of Defendant Social Security Administration ("the Agency"), denying his applications for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI"). He claims that the Administrative Law Judge ("ALJ") erred in: (1) rejecting a social worker's opinion, (2) ignoring the opinions of an Agency employee, (3) rejecting the opinions of an examining psychiatrist, and (4) rejecting his mother's testimony. For the reasons discussed below, the Agency's decision is reversed and remanded for further consideration in accordance with this opinion.

## II. SUMMARY OF PROCEEDINGS

Plaintiff applied for DIB and SSI on February 28, 2007, alleging that he was disabled as of October 1, 2006, due to bipolar disorder, severe depression, anxiety, and an inability to concentrate. (Administrative Record ("AR") 145-52, 202-09.) The Agency denied his application initially and on reconsideration. (AR 48-56, 58-61, 64-68.) He then requested and was granted a hearing before an ALJ. (AR 70, 92-96.) Plaintiff appeared with counsel and testified at the hearing on March 11, 2009. (AR 18-43.) The ALJ subsequently issued a decision denying benefits. (AR 5-17.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-4.) He then commenced the instant action.

## III. ANALYSIS

### A. The Social Worker's Opinion

Plaintiff contends that the ALJ erred in rejecting the opinion of a social worker/therapist who found that he suffered from bipolar disorder and was severely restricted as a result. For the following reasons, the Court does not agree.

Social workers are defined in the regulations as "other sources" of medical evidence and their opinions are not entitled to the same weight as doctors' opinions. 20 C.F.R. § 416.913(d) (2011); Social Security Ruling 06-03p; *see also Thomas v. Astrue*, 2009 WL 151488, at *3 (C.D. Cal. Jan. 21, 2009) ("[T]he reports of licensed clinical social workers are considered 'other sources' of evidence, not evidence from an 'acceptable medical source.'"). As such, in order to discount the opinion of a social worker, an ALJ need only provide reasons that are germane to the witness. *Turner v. Comm'r, Soc. Sec.*

1  *Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*,
2  236 F.3d 503, 511 (9th Cir. 2001)).
3       The ALJ rejected the social worker's opinion in this case
4  because it consisted of a reiteration of Plaintiff's subjective
5  complaints--complaints that the ALJ had rejected--along with an
6  opinion of impairment that assumed that Plaintiff was compliant with
7  his medications, which he was not.  (AR 15.)  These reasons are
8  germane to the witness and are supported by the record.  As such, the
9  ALJ did not err here.
10 B.   The Agency Employee's Observations
11      Plaintiff argues that the ALJ erred in failing to consider the
12 observations of a Social Security Administration employee who
13 interviewed Plaintiff in connection with his applications and noted
14 that Plaintiff was childlike and unable to complete forms on his own.
15 (Joint Stip. at 25-26.)  For the following reasons, the Court finds
16 that this claim does not warrant reversal of the ALJ's decision.
17      At the outset, it is unclear whether the ALJ was required to
18 consider the employee's observations at all.  As best the Court can
19 tell, this employee's only exposure to Plaintiff was during an
20 interview at the Social Security offices in which the employee was
21 attempting to obtain information from Plaintiff to process
22 Plaintiff's application.  There is no evidence as to the length of
23 the interview, but it appears from the form the interviewer filled
24 out--which consists of 12 questions--that it would have been
25 completed in a relatively brief period, certainly less than 30
26 minutes.  (AR 198-201.)  It is also unclear what type of training and
27 experience the interviewer had, if any, as there is no indication on
28 the form of his or her background or even his or her title.  (AR

201.) Further, though the interviewer did note that Plaintiff was bipolar and childlike, with a "limited understanding of his condition," immediately thereafter, he or she also noted in response to a question seeking observations about the claimant's "behavior, appearance, grooming, degree of limitations, etc." that they were "not remarkable." (AR 200.) Finally, Plaintiff's counsel never alerted the ALJ to the employee's observations or raised the issue at the administrative hearing. Thus, it is hard to say that the interviewer was a competent lay witness and that the ALJ erred when he failed to consider the interviewer's notations. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (questioning whether therapist's two-week exposure to claimant rendered her competent to testify as lay witness); *Smith v. Barnhart*, 2002 WL 485050, at *4 (N.D. Cal. Mar. 27, 2002) (finding one visit by Agency interviewer did not qualify him as a competent lay witness). And, assuming that the Court were prepared to conclude that the interviewer's notations amounted to competent evidence, it is harder still to determine what if any weight should be given to the interviewer's notes. But, as Plaintiff points out and the Court has witnessed, the Agency sometimes relies on these employees' observations that, for example, the claimant was able to complete the interview without difficulty, in support of its argument that the claimant was not impaired. Thus, it only seems fair that, when, as here, the employee's observations are helpful to the claimant, they should be considered by the ALJ as well. In the future, however, the Court advises counsel that if she wants the ALJ to consider brief notations by an interviewer in a 415-page record, she needs to alert the ALJ to that fact at the administrative hearing.

4

Lay testimony is competent evidence, which an ALJ is required to consider in determining if a claimant is disabled. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  In order to reject it, however, the ALJ need only provide reasons that are germane to the witness. *Dodrill,* 12 F.3d at 919.  Failure to address lay testimony constitutes error.  *See Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).  The error is harmless, however, if the Court can "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.*

The employee in question met with Plaintiff one time for a short period of time and made notations in a record, which, at best, are confusing and contradictory.  (AR 198-201.)  While the Court will accept his or her observation that Plaintiff was childlike and did not understand his condition, it must also accept his or her observation that there was nothing remarkable about Plaintiff's behavior.  (AR 200.)  In this context, the Court can confidently conclude that no reasonable ALJ fully crediting both observations would have reached a different disability determination based on this evidence alone.  *Stout*, 454 F.3d at 1056.  As such, the Court concludes that, assuming that the ALJ was required to address the employee's observations, his failure to do so was harmless.

C.   The Examining Psychiatrist's Opinion

Plaintiff complains that the ALJ erred in failing to include limitations found by examining psychiatrist Reynaldo Abejuela that Plaintiff was slightly impaired in his ability to function in the workplace.  For the following reasons, the Court agrees.

5

1    Dr. Abejuela examined Plaintiff in May 2007 and found, among
2 other things, that he suffered from slight impairments in his ability
3 to respond to coworkers and supervisors, to respond appropriately to
4 work settings, and to respond to changes in a routine work setting.
5 (AR 14, 319.)  Nonexamining psychologist Joseph Malancharuvil, who
6 testified at the administrative hearing, did not include these
7 limitations in his testimony, though he noted that his opinion was
8 consistent with Dr. Abejuela's opinion.  (AR 36.)  The ALJ did not
9 include these findings in his residual functional capacity finding,
10 either.
11    Plaintiff alleges that this was error.  The Agency disagrees.
12 It argues that the ALJ's restriction to jobs requiring only simple,
13 repetitive work in a non-public environment with no hazardous
14 materials and no responsibility for the safety of others encompassed
15 all of Dr. Abejuela's limitations.  (Joint Stip. at 31.)  This
16 argument is rejected.  These restrictions do not account for Dr.
17 Abejuela's findings of slight limitations for working with others,
18 including supervisors, responding to a work setting, and responding
19 to changes in a work setting.  Although the ALJ was not bound to
20 accept these findings, he was required to provide specific and
21 legitimate reasons that were supported by substantial evidence in the
22 record for rejecting them.  *Lester v. Chater*, 81 F.3d 821, 830-31
23 (9th Cir. 1995).  His failure to do so amounts to error.
24    The question that remains is whether the error was harmless.  An
25 error is harmless if it is inconsequential to the ultimate
26 determination of nondisability.  *Stout*, 454 F.3d at 1056; *see also*
27 *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th
28 Cir. 2008) (explaining, under *Stout*, where ALJ provides no reason for

rejecting evidence, reviewing court must consider whether ALJ would have made different decision if he relied on the rejected evidence). It is hard to tell from this vantage point whether slight impairments in the ability to work with supervisors and co-workers and to adjust to a work environment have any impact on a claimant's ability to work. Case law is not instructive on the issue. The applicable regulations direct that the ALJ should have considered these non-severe impairments when assessing Plaintiff's residual functional capacity. 20 C.F.R. § 404.1545(a)(2). This suggests that these limitations may have played a role in the ultimate disability determination. As such, the Court concludes that remand on this issue is required.

D.  <u>Plaintiff's Mother's Testimony</u>

Plaintiff contends that the ALJ improperly rejected his mother's testimony. For the following reasons, the Court remands this issue for further consideration as well.

As discussed above in the Court's analysis of the Social Security Administration employee's observations, lay testimony is competent evidence and an ALJ is required to consider it in determining if a claimant is disabled. *Nguyen,* 100 F.3d at 1467 (citing *Dodrill,* 12 F.3d at 919). The ALJ may reject lay testimony for reasons that are germane to the witness. *Dodrill*, 12 F.3d at 919.

In a March 2007 Third Party Function Report, Plaintiff's mother observed, among other things, that Plaintiff can pay attention for no more than "five to ten minutes" and has "problems with comprehension and concentration, difficulty following instructions [and] completing tasks, [and] the resulting frustration affects his ability to get

7

along with others." (AR 219.)  She noted also that Plaintiff cannot remember spoken instructions and needs to have them repeated frequently.  (AR 219.)  Finally, in a closing narrative, she pointed out that Plaintiff "cannot follow through without constant supervision[,] which he resents.  This causes problems in the workplace."  (AR 221.)  The ALJ rejected this testimony because it was "not supported by the objective findings in the medical evidence of record as reasoned above."  (AR 16.)  He did not, however, explain what objective findings he was talking about.

It is unclear under Ninth Circuit case law whether an ALJ may summarily reject lay testimony based on the fact that it is "not supported by the objective medical findings."  One line of cases suggests that this is improper.  *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) ("Nor under our law could the ALJ discredit her lay testimony as not supported by medical evidence in the record.") (citing *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)); *see also Massey v. Comm'r, Soc. Sec. Admin.*, 400 Fed. Appx. 192, 194 (9th Cir. 2010) ("[T]he ALJ may not reject lay testimony solely because it is not supported by objective medical evidence.").  Another line of cases suggests that it is not.  *See Lewis*, 236 F.3d at 511 ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ need only give germane reasons for discrediting the testimony of lay witnesses.  Inconsistency with medical evidence is one such reason.") (citations omitted); *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) ("The ALJ properly discounted lay testimony that conflicted with the available medical evidence.").  Absent clear direction from the Ninth

Circuit, the Court would normally analyze each case separately, focusing on the strength of the lay testimony and the reasons in the record for accepting or rejecting the ALJ's analysis. The Court need not perform this analysis here because it has already determined that remand is warranted and recognizes that it is a simple matter for the ALJ to address this issue on remand as well. For this reason, the Court remands the issue to the ALJ to specify why he believes Plaintiff's mother's testimony should be discounted.

## IV. CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED: <u>October 24, 2011</u>.

                                    _____
                                    PATRICK J. WALSH
                                    United States Magistrate Judge

S:\PJW\Cases-Soc Sec\BOLAR, R 1748\Memo_Opinion.wpd